IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAPITOL RECORDS, Inc., A Delaware Corporation, PRIORITY RECORDS, LLC, A California Limited Liability Company, SONY BMG MUSIC ENTERTAINMENT, A Delaware General Partnership, ARISTA RECORDS, LLC, A Delaware Limited Liability Company, and UMG RECORDINGS, Inc., A Delaware Corporation,<br><br>        Plaintiffs,<br><br>V.<br><br>CHRIS VACANTI,<br><br>        Defendant. | CASE NO. 8:06CV555<br><br><br>MEMORANDUM<br>AND ORDER |

    This matter is before the Court on the Motion to Set Aside Default filed by Defendant Chris Vacanti. The Plaintiffs have not opposed the motion. Vacanti states that he did not appreciate the genuineness of the dispute nor the seriousness of the allegations even after the Plaintiffs' telephone contact with him and their service of process upon his 11-year old daughter. For those reasons, Vacanti did not respond to the lawsuit before the Clerk's Entry of Default was made. Vacanti denies engaging in the conduct alleged in the Complaint, though he represents that the allegations in the Complaint may be valid as against his former spouse with whom he has not resided for more than two years and from whom he has recently divorced.

    I have considered that Vacanti's brief delay in seeking to set aside the default has not prejudiced the Plaintiffs' ability to advance their claim; that there will be only minor disruption to the judicial process if the requested relief is granted; and that Vacanti has

advanced a defense that appears to have merit.  *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783-84 (8th Cir. 1998) (motion to set aside clerk's entry of default is subject to even more lenient "good cause" standard than is motion to set aside default judgment entered by court; relevant considerations are culpability of defaulting party, existence of meritorious defense, and prejudice to other party) *quoted in Shaver v. Lucas Western Corp.*, 237 F.3d 932, 933 (8th Cir. 2001).  For all these reasons, I conclude that Vacanti has shown good cause for setting aside the clerk's entry of default, and the motion should be granted.  Fed. R. Civ. P. 55(c). Accordingly,

    IT IS ORDERED:

    1.    The Defendant's Motion to Set Aside Default (Filing No. 10) is granted;

    2.    The Clerk's Entry of Default is hereby set aside; and

    3.    Defendant shall answer or otherwise respond to the Complaint on or before February 9, 2007.

Dated this 23rd day of January, 2007.

                      BY THE COURT:

                      s/Laurie Smith Camp
                      United States District Judge